**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHAO YUNG ZHOU,

    Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 10-71288

Agency No. A072-094-149

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:  RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

  Chao Yung Zhou, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his motion to reopen exclusion proceedings held in

absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *He v. Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007), and we deny the petition for review.

The agency did not abuse its discretion in denying Zhou's motion to reopen exclusion proceedings held in absentia where Zhou failed to show reasonable cause for his failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B).

The agency did not abuse its discretion in denying Zhou's motion to reopen to apply for asylum as untimely because he filed it more than fifteen years after the entry of his final exclusion order, *see* 8 C.F.R. § 1003.23(b)(1), and he failed to demonstrate changed country conditions to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.23(b)(4)(i); *He*, 501 F.3d at 1132-33 (change in personal circumstances alone is "not sufficient to establish changed circumstances in the country of origin within the regulatory exception").

Zhou's remaining contention is unavailing.

**PETITION FOR REVIEW DENIED.**